FILED

2008 MAR 11  PM 2:40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CAL.
LOS ANGELES

BY_____

1  Brian Strange, Esq. (Bar No. 103252)
   lacounsel@earthlink.net
2  Gretchen Carpenter, Esq. (Bar No. 180525)
   gcarpenter@strangeandcarpenter.com
3  David Swift, Esq. (Bar No. 235033)
   dswift@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Blvd., 19th Floor
5  Los Angeles, CA  90025
   Telephone:   (310) 207-5055
6  Fax:  (310) 826-3210

7  Attorneys for Plaintiff

8

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARTER, an individual, on behalf of herself and all other persons similarly situated,<br><br>                              Plaintiff,<br><br>           v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS, INC., and NOVARTIS AG<br><br>                              Defendants. | **Class Action**<br><br>Case No. **EDCV08-0334 VAP (JCR)**<br><br>**COMPLAINT FOR:**<br>1.  **VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**<br>2.  **UNJUST ENRICHMENT**<br>3.  **BREACH OF EXPRESS WARRANTIES**<br>4.  **BREACH OF IMPLIED WARRANTIES**<br>5.  **FALSE AND MISLEADING ADVERTISING**<br>6.  **FRAUDULENT CONCEALMENT**<br>7.  **UNFAIR AND DECEPTIVE BUSINESS PRACTICES UNDER VARIOUS STATE LAWS**<br><br>**Jury Trial Demanded** |

        Plaintiff Kelly Carter brings this class action on behalf of herself and all others similarly situated who purchased Defendants' over-the-counter cough and cold medication for use by children under the age of six.  Plaintiff and members of the plaintiff class are not seeking damages for personal injuries, which claims are not within the scope of this case.

1

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because members of the proposed nationwide Class are citizens from States different from Defendants' United States corporate residence of New Jersey, and the aggregate amount in controversy exceeds $5,000,000. Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants have had sufficient contacts in this District such that maintenance of the action in this locale would be consistent with traditional notions of fair play and substantial justice.

2.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiff's claims within this District and caused harm to Class members residing within this District.

## PARTIES

3.      Plaintiff Kelly Carter is a resident of the State of California. In or about early 2007, Plaintiff purchased Triaminic® Daytime Cold & Cough for use by her four-year-old son. Plaintiff has suffered damages as a result of Defendants' illegal and wrongful conduct described below.

4.      Defendant Novartis AG is a Switzerland-based corporation with its global headquarters in Basel, Switzerland. Defendants Novartis, Inc. and Novartis Pharmaceuticals Corporation are the United States affiliates of Novartis AG, and have their United States headquarters at One Health Plaza, East Hanover, NJ 07936-1080 (hereafter these Defendants are referred to collectively as "Novartis" or "Defendants"). Novartis develops and markets a number of over-the-counter cold and cough syrup products for use by children under the age of six, including, without limitation: Triaminic® Daytime Cold & Cough; Triaminic® Infant & Toddler Thin Strips Decongestant; Triaminic® Infant & Toddler Thin Strips Decongestant Plus Cough; Triaminic® Thin Strips Toddler Cough & Cold; Triaminic® Thin Strips

Class Action Complaint; Demand for Jury Trial

1  Toddler Congestion; Triaminic® Cold & Cough; Triaminic® Cold & Nighttime
2  Cough; Triaminic® Cough & Sore Throat; Triaminic® Chest & Nasal Congestion;
3  Triaminic® Cold Cough & Fever; Triaminic® Long Acting Cough; Triaminic® Cold
4  & Sore Throat Decongestant Free; Triaminic® Thin Strips Nasal Congestion;
5  Triaminic® Thin Strips Cough & Congestion; Triaminic® Softchews Cold &
6  Allergy; Triaminic® Softchews Cold & Cough; Triaminic® Softchews Cough &
7  Sore Throat.

8  <u>**REPRESENTATIVE PLAINTIFF'S PURCHASES**</u>

9       5.      In or around early 2007, Representative Plaintiff Kelly Carter purchased
10  Triaminic® Daytime Cold & Cough for use by her four-year-old son.  Plaintiff gave
11  this medication to her son.

12       6.      Plaintiff is informed and believes and thereon alleges that Triaminic®
13  Daytime Cold & Cough is labeled, marketed, and advertised as an effective and safe
14  cough and cold medication for children between the ages of two and five.

15  <u>**GENERAL ALLEGATIONS**</u>

16       7.      This case involves Defendants' decision to market and sell over-the-
17  counter cough and cold medications for use by children under the age of six when
18  Defendants knew, or should have known, that the medications *do not work* and in fact
19  are *dangerous*.  Indeed, according to a recent FDA report, over-the-counter cold and
20  cough medications have been linked with at least 123 pediatric deaths from 1969
21  through 2006.  Another study by the Center for Disease Control and Prevention found
22  that more than 1,500 children under the age of 2 had suffered serious health problems
23  between 2004 and 2005 after being treated with common cough and cold
24  medications.

25       8.      Plaintiff is informed and believes and based thereon alleges that over-
26  the-counter cough and cold medications do not work for children under the age of six
27  and are unsafe and that Defendants knew or should have known these facts.  For
28

3

Class Action Complaint; Demand for Jury Trial

example, in an article dated October 11, 2007, the *New York Times* quoted Dr. Daniel Frattarelli, a pediatrician who serves on the American Academy of Pediatrics' committee on drugs, as saying, "I don't recommend their use in any child. These medicines don't help, they may hurt, so don't use them."[1]

9.    Plaintiff is informed and believes and based thereon alleges that there is *no evidence of any kind* that supports the notion that over-the-counter cough and cold medications are effective for children under the age of six. For example, as the *New York Times* noted in a October 19, 2007 article, "*every* study performed in recent years shows that these medicines *have no effect*, and a growing number of reports have concluded that they can be *dangerous*." (emphasis added).[2]

10.    Indeed, in a 2004 study, researchers at Penn State College of Medicine found that the common ingredients in children's over-the-counter cough and cold medications were less effective than a placebo at reducing nighttime cough or improving sleep quality.

11.    In 2007, in another study released by researchers at Penn State College of Medicine, a small dose of honey was found to be more effective at reducing the severity, frequency and annoyance of nighttime coughing than the main ingredients in most over-the-counter children's cough and cold medications.

12.    Plaintiff is informed and believes and based thereon alleges that Defendants either knew, recklessly disregarded or reasonably should have known that their cough and cold products were ineffective and dangerous when used by children under the age of six, but that Defendants nevertheless marketed their products for use by children under the age of six.

---

[1] http://query.nytimes.com/gst/fullpage.html?res=9C00E4DC173CF931A25753C1A9619C8B63

[2] http://www.nytimes.com/2007/10/19/washington/19fda.html?ex=1350446400&en=4ee5311a57dfc532&ei=5088&partner=rssnyt&emc=rss

Class Action Complaint; Demand for Jury Trial

13.     Plaintiff is informed and believes and based thereon alleges that Defendants actively marketed their cough and cold products as providing effective relief for children under the age of six because of the large market for such products. Indeed, Plaintiff is informed and believes and based thereon alleges that Americans spend over $2 billion annually on over-the-counter cough and cold medications for use by young children.  There are many reasons so much money is spent on over-the-counter cough and cold medications for young children, including the fact that young children average six to ten colds a year, far more than adults, and that parents often spare no expense when the well-being of their child is at issue.  In fact, in 1994, researchers reported in the Journal of the American Medical Association that *more than a third of all 3-year-olds* in the United States were given over-the-counter cough and cold medications in one thirty-day span.

14.     Plaintiff is informed and believes and based thereon alleges that in October of 2007 an FDA Advisory Panel recommended a ban on all over-the-counter cough and cold medications for children under the age of six.

15.     Plaintiff is informed and believes and based thereon alleges that, also in October of 2007, Defendants pulled all of their over-the-counter cough and cold medications marketed towards infants from the market, including Triaminic® Infant & Toddler Thin Strips Decongestant and Triaminic® Infant & Toddler Thin Strips Decongestant Plus Cough.  However, Plaintiff is informed and believes and based thereon alleges that, prior to pulling all of their over-the-counter cough and cold medications marketed towards infants from the market, Defendants either knew, recklessly disregarded or reasonably should have known that use of over-the-counter cough and cold medications by infants was ineffective and unsafe, but continued to market products towards infants anyway.

16.     In addition, even after pulling their products marketed towards infants from the market, Plaintiff is informed and believes and based thereon alleges that the

5

Defendants continue to market their products for use by children between the ages of two and five, despite the fact that they either knew, recklessly disregarded or reasonably should have known that their over-the-counter cough and cold medications are ineffective and dangerous when used by children under the age of six.

17.    Defendants continue to market their products for use by children between the ages of two and five.  For example, some of Defendants' over-the-counter cough and cold medications continue to include the word "toddler" in the product name, including Triaminic® Thin Strips Toddler Cough & Cold and Triaminic® Thin Strips Toddler Congestion.  This alone warrants, both expressly and impliedly, that the medications are safe and effective for young children.  Other medications include pictures of toddlers on the product labeling or in advertisements for their use, also constituting express and implied warranties that the medications are safe and effective for young children.  Still more of Defendants' products list a dosage amount for children between the ages of two and five, expressly and impliedly warranting that the medications are safe and effective for children between these ages.

18.    Plaintiff is informed and believes and based thereon alleges that Defendants specifically target parents with young children with their marketing, advertising and product labeling.  For example, Defendants describe their Triaminic® line of over-the-counter cough and cold medications as "The Medicine of Motherhood".

19.    Defendants' website[3] allows users to choose the correct Triaminic® over-the-counter cough and cold medication by the age of the child and lists the following categories and the correct corresponding product for use by each category of child:

---

[3] http://www.triaminic.ca/ca_en/product_age.shtml    (last visited March 10, 2008).

Class Action Complaint; Demand for Jury Trial

| 2 to 3 years old | 2 to 5 years old | 6 to under 12 years |
|---|---|---|
| Triaminic® Thin Strips Toddler Cough & Cold | Triaminic® Cold & Cough | [products listed in this category have been omitted] |
| Triaminic® Thin Strips Toddler Congestion | Triaminic® Cold & Nighttime Cough | |
| | Triaminic® Cough & Sore Throat | |
| | Triaminic® Chest & Nasal Congestion | |
| | Triaminic® Cold Cough & Fever | |
| | Triaminic® Long Acting Cough | |
| | Triaminic® Cold & Sore Throat Decongestant Free | |
| | Triaminic® Daytime Cold & Cough | |
| | Triaminic® Thin Strips Nasal Congestion | |
| | Triaminic® Thin Strips Cough & Congestion | |
| | Triaminic® Thin Strips Toddler Cough & Cold | |
| | Triaminic® Softchews Cold & Allergy | |
| | Triaminic® Softchews Cough & Sore Throat | |
| | Triaminic® Softchews Cold & Cough | |

## CLASS ACTION ALLEGATIONS

20.     Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a nationwide class defined as follows:

> All persons and entities who purchased and/or paid for any Novartis over-the-counter cough and cold medication for use by children under the age of six.

///

Class Action Complaint; Demand for Jury Trial

1    Plaintiff alternatively seeks certification of a state class, defined as:

2              All persons or entities who purchased and/or paid for any
3              Novartis over-the-counter cough and cold medication for
       use by children under the age of six in the states of
4              California, Florida, Illinois, Massachusetts, Minnesota,
       Missouri, New Jersey, North Dakota, Ohio and
5              Washington (the "State Class")

6    21.    Novartis' over-the-counter cough and cold medications are bought by

7    millions of individuals each year for use by children under the age of six, making

8    individual joinder of all Class members impracticable.

9    22.    Questions of law and fact are common to the Class and predominate

10   over questions affecting only individual members, including, *inter alia*, the following:

11             a.    Whether the alleged conduct by Defendants violates laws as

12   alleged in this Complaint;

13             b.    Whether Defendants engaged in unfair, unlawful and/or

14   fraudulent business practices by engaging in false and deceptive advertising and by

15   selling products which they knew to be ineffective and unsafe;

16             c.    Whether Defendants violated N.J. Rev. Stat. §§ 56:8-1, *et seq.*;

17             d.    Whether Plaintiff and the Class members are entitled to damages

18   and equitable and/or injunctive relief;

19             e.    Whether Defendants' unlawful, unfair and/or deceptive practices

20   harmed Plaintiff and the Class members; and

21             f.    Whether Defendants were unjustly enriched by their deceptive

22   and unlawful practices.

23   23.    Plaintiff's claims are typical of the claims of the Class members,

24   because her claims arise from the same course of conduct by Defendants and the

25   relief sought is common.

26   24.    Plaintiff will fairly and adequately represent and protect the interests of

27   all Class members.  Plaintiff is represented by counsel competent and experienced in

28   both consumer protection and class action litigation.

Class Action Complaint; Demand for Jury Trial

25.     Class certification is proper under Fed. R. Civ. P. 23(b)(1)(A), because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members and potentially establish incompatible standards of conduct for Defendants.

26.     Class certification is proper under Fed. R. Civ. P. 23(b)(3), because common issues of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic damages suffered by the individual Class members may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class members to seek redress individually for the wrongful conduct alleged herein.  There will be no difficulty in the management of this litigation as a class action.

28.     Plaintiff proposes that notice of this class action be provided by individual mailings to plaintiff Class members and/or by publication in national publications.

## FIRST CAUSE OF ACTION

## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT

29.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

30.     Under the New Jersey Consumer Fraud Act, N.J. Rev. Stat. §§ 56:8-1, *et seq.*, Defendants have a duty to refrain from unfair acts or practices in the promotion and sale of over-the-counter cough and cold medications for use by children under the age of six to Plaintiff and the Class members.

///

Class Action Complaint; Demand for Jury Trial

31. By means of the conduct alleged in this Complaint, Defendants violated the New Jersey Consumer Fraud Act in the promotion and sale of over-the-counter cough and cold medications for use by children under the age of six. By promoting, marketing, advertising and selling over-the-counter cough and cold medications for use by children under the age of six when Defendants either knew, recklessly disregarded or reasonably should have known that their products were ineffective and dangerous for such children, Plaintiff is informed and believes and based thereon alleges that Defendants reaped hundreds of millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which provided no relief and were unsafe.

32. Plaintiff is informed and believes and based thereon alleges that Defendants engaged in that unlawful conduct for the purpose of obtaining hundreds of millions of dollars in sales of over-the-counter cough and cold medications for use by children under the age of six.

33. Under N.J. Rev. Stat. §§ 56:8-2.11, 56:8-2.12 and 56:8-19, Plaintiff and the Class members are entitled to a refund of all moneys acquired by Defendants by means of the unlawful practices alleged in this Complaint, as well as compensatory damages, including treble damages and attorneys' fees.

**SECOND CAUSE OF ACTION**

**COMMON LAW UNJUST ENRICHMENT**

34. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

35. Defendants have received benefits from Plaintiff and the Class members in the form of Plaintiff's and the Class members' payments for Defendants' over-the-counter cough and cold medications for use by children under the age of six. By failing to inform consumers that their cough and cold medications were ineffective and dangerous when taken by children under the age of six, Plaintiff is informed and

believes and based thereon alleges that Defendants reaped hundreds of millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which provided no relief and were unsafe.

36. Defendants are aware of their receipt of those benefits.

37. Defendants received those benefits to the detriment of Plaintiff and each of the other Class members.

38. Defendants continue to retain those benefits to the detriment of Plaintiff and the Class members.

39. Under the circumstances, it would be inequitable for Defendants to retain those benefits.

40. As a result of Defendants' unjust enrichment, Plaintiff and the Class members seek full disgorgement and restitution of Defendants' ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

41. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

42. Defendants made numerous representations, descriptions and warranties that their over-the-counter cough and cold medications were safe and effective for use by children under the age of six.

43. Plaintiff is informed and believes and thereon alleges that these representations were untrue and that Defendants either knew, recklessly disregarded or reasonably should have known, that their over-the-counter cough and cold medications were ineffective and dangerous when used by children under the age of six.

///

44.    By providing false representations and warranties that their over-the-counter cough and cold medications were safe and effective for use by children under the age of six, Plaintiff is informed and believes and based thereon alleges that Defendants reaped hundreds of millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which provided no relief and were unsafe.

45.    As a direct and proximate result of Defendants' false representations and warranties, Plaintiff and the Class members have suffered damages by purchasing Defendants' over-the-counter cough and cold medications for use by children under the age of six.

46.    Defendants' actions, as set forth above, constitute breach of express warranty in violation of N.J.S.A. § 12A:2-313.

47.    As a proximate result of Defendants' actions, Plaintiff and members of the plaintiff Class are entitled to damages and restitution as herein set forth.

## FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES

48.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

49.    Defendants impliedly warranted that their over-the-counter cough and cold medications were safe and effective for use by children under the age of six.

50.    Plaintiff is informed and believes and thereon alleges that these implied warranties were untrue and that Defendants either knew, recklessly disregarded or reasonably should have known that their over-the-counter cough and cold medications are ineffective and dangerous when used by children under the age of six.

51.    By providing false implied warranties that their over-the-counter cough and cold medications were safe and effective for use by children under the age of six,

Class Action Complaint; Demand for Jury Trial

1  Plaintiff is informed and believes and based thereon alleges that Defendants reaped

2  hundreds of millions of dollars in profits that they otherwise would not have obtained

3  and caused Plaintiff and the Class members to expend money on products which

4  provided no relief and were unsafe.

5       52.    As a direct and proximate result of Defendants' wrongful conduct,

6  Plaintiff and the Class members have suffered damages by purchasing Defendants'

7  over-the-counter cough and cold medications for use by children under the age of six.

8       53.    Defendants' actions, as set forth above, constitute breach of implied

9  warranties in violation of N.J.S.A. § 12A:2-314 and N.J.S.A. § 12A:2-315.

10      54.    As a proximate result of Defendants' actions, Plaintiff and members of

11  the plaintiff Class are entitled to damages and restitution as herein set forth.

12                        **FIFTH CAUSE OF ACTION**

13              **FALSE AND MISLEADING ADVERTISING**

14      55.    Plaintiff incorporates by reference each and every prior and subsequent

15  allegation of this complaint as if fully restated here.

16      56.    Defendants' actions, as set forth above, constitute untrue and misleading

17  advertising.

18      57.    Defendants' use of various forms of media to advertise, promote and

19  otherwise call attention to their over-the-counter cough and cold medications for

20  children under the age of six, deceptively misrepresented the products' attributes,

21  performance, efficacy and characteristics. Defendants' over-the-counter cough and

22  cold medications for children under the age of six could not and cannot perform as

23  advertised and promoted, and Defendants' promotion of these products constitutes

24  unfair, deceptive, untrue and misleading advertising. Defendants' advertising and

25  promotion deceived and continue to deceive the consuming public. These

26  advertisements and promotional efforts misled consumers into thinking Defendants'

27  products were safe and effective for children under the age of six. Defendants either

28

Class Action Complaint; Demand for Jury Trial

1  knew, recklessly disregarded or reasonably should have known that such

2  advertising/promotion was untrue and/or misleading.

3      58.    As a result of the conduct described above, Defendants have been and

4  will be unjustly enriched at the expense of Class members who purchased their over-

5  the-counter cough and cold medications for use by children under the age of six.

6      59.    As a direct and proximate result of Defendants' wrongful conduct,

7  Plaintiff and the members of the Class are entitled to restitution and injunctive relief,

8  including an injunction preventing Defendants from falsely advertising and marketing

9  that their over-the-counter cough and cold medications are safe and effective for

10  children under the age of six.

11  **SIXTH CAUSE OF ACTION**

12  **FRAUDULENT CONCEALMENT**

13      60.    Plaintiff incorporates by reference each and every prior and subsequent

14  allegation of this complaint as if fully restated here.

15      61.    Plaintiff is informed and believes and based thereon alleges that

16  Defendants either knew, recklessly disregarded or reasonably should have known,

17  that their over-the-counter cough and cold medications were ineffective and

18  dangerous for children under the age of six, but that Defendants continued to market,

19  manufacture and distribute these products anyway.

20      62.    Plaintiff is informed and believes and based thereon alleges that

21  Defendants actively concealed from Plaintiff, Class members, and the public, that

22  their over-the-counter cough and cold medications were ineffective and dangerous for

23  children under the age of six.

24      63.    Defendants owed Plaintiff and members of the Class a duty of

25  reasonable care to disclose these facts and either knew, recklessly disregarded or

26  reasonably should have known, that Plaintiff and members of the Class would rely

27  upon Defendants' misrepresentations and/or omissions.  Defendants knew that such

28

Class Action Complaint; Demand for Jury Trial

facts were material to Plaintiff's and the Class members' decisions to purchase Defendants' over-the-counter cough and cold medications and give them to children under the age of six.

64.    Plaintiff is informed and believes and based thereon alleges that Defendants' misrepresentations and omissions were made with the intent to induce Plaintiff and the Class members to purchase and to continue to purchase Defendants' over-the-counter cough and cold medications for children under the age of six.

65.    As a proximate result of the fraudulent concealment of Defendants, Plaintiff and the Class members were induced to purchase and to continue to purchase Defendants' over-the-counter cough and cold medications for children under the age of six.

66.    At the time of these concealments, Plaintiff and the Class members were ignorant of the existence of the facts which Defendants concealed, including the fact that Defendants' over-the-counter cough and cold medications for children under the age of six did not work as promised.  If Plaintiff and the Class members had been aware of the existence of the facts concealed by Defendants, they would not have purchased Defendants' over-the-counter cough and cold medications for children under the age of six.

67.    The concealment of these facts was likely to mislead and did mislead Plaintiff and the members of the Class into believing they were purchasing safe and effective products, when in fact they were purchasing products which did not work as promised and were dangerous.

68.    By reason of the foregoing, Plaintiff and members of the Class have suffered damages.

69.    As a result of the foregoing wrongful acts, and because Plaintiff is informed and believes and thereon alleges that Defendants' acts and/or omissions were actuated by malice and were accompanied by a wonton and willful disregard of

Class Action Complaint; Demand for Jury Trial

1  persons who would foreseeably be harmed by those acts and/or omissions, Plaintiff

2  and the Class members are not only entitled to damages, but are also entitled to

3  exemplary and punitive damages in a sum not presently known, but sufficient for the

4  sake of example and by way of deterring Defendants and others from further such

5  actions under N.J.S.A. § 2A:15-5.12.

6            **SEVENTH CAUSE OF ACTION** (as to the alternative State Class)

7                      **UNFAIR AND DECEPTIVE BUSINESS PRACTICES**

8       70.    Plaintiff incorporates by reference each and every prior and subsequent

9  allegation of this complaint as if fully restated here.

10      71.    This cause of action is pled on behalf of the alternative State Class of

11 California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, North

12 Dakota, Ohio and Washington residents.

13      72.    Defendants had a statutory duty to refrain from unfair or deceptive acts

14 or practices in the manufacture, promotion and sale of their over-the-counter cough

15 and cold medications for children under the age of six.  By promoting, marketing,

16 advertising and selling over-the-counter cough medications as safe and effective for

17 children under the age of six when Defendants either knew, recklessly disregarded or

18 reasonably should have known, that these products were ineffective and dangerous,

19 Plaintiff is informed and believes and based thereon alleges that Defendants reaped

20 hundreds of millions of dollars in profits that they otherwise would not have obtained

21 and caused Plaintiff and the Class members to expend money on products which

22 provided no relief and were unsafe.

23      73.    As a direct and proximate result of Defendants' wrongful conduct,

24 Plaintiff and the Class members have suffered damages by purchasing Defendants'

25 over-the-counter cough and cold medications for use by children under the age of six.

26      74.    The unlawful, unfair and fraudulent business practices and policies of

27 Defendants, as described above, present a continuing threat to members of the public

28

Class Action Complaint; Demand for Jury Trial

1    by causing economic damages and loss.

2         75.    Defendants' actions, as set forth above, constitute unfair and deceptive

3    business practices under the common law and the laws of each included state,

4    including, but not limited to: California Business and Professions Code §§ 17200, *et*

5    *seq.*; Florida Stat. Ann. §§ 501.204, *et seq.*; Illinois Consumer Fraud & Deceptive

6    Practices Act, Ill. Comp. Stat. 815 §§ 505/2, *et seq.*; Massachusetts Regulation of

7    Business Practice and Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2, *et*

8    *seq.*; Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325 F.69, *et seq.*;

9    Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.*; New

10   Jersey Unfair Trade Practices Act, N.J. Stat. §§ 56:8-1, *et seq.*; North Dakota

11   Consumer Fraud and Unlawful Credit Practices Act, N.D. Cent. Code §§ 51-15-01, *et*

12   *seq.*; Ohio Consumer Sales Practices Act, and Ohio Rev. Code §§ 1345.01, *et seq.*;

13   and Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq.*

14        76.    As a direct and proximate result of Defendants' wrongful conduct,

15   Plaintiff and the members of the Class are entitled to restitution and injunctive relief,

16   including an injunction preventing Defendants from falsely advertising and marketing

17   over-the-counter cough and cold medications as safe and effective for children under

18   the age of six, as well as compensatory damages, treble damages, punitive damages,

19   attorneys' fees, and any other damages allowed by law.

20                          **PRAYER FOR RELIEF**

21        WHEREFORE, Plaintiff, individually and on behalf all others similarly

22   situated, respectfully requests that this Court enter a judgment against Defendants and

23   in favor of Plaintiff, and grant the following relief:

24        A.    Determine that this action may be maintained as a class action with

25   respect to a national class or a state class, pursuant to the appropriate subsections of

26   Fed. R. Civ. P. 23; that the Court certify a class action with respect to particular issues

27   if appropriate, and that the Court designate and appoint Plaintiff and her counsel to

28

---

1   serve as Class Representative and Class Counsel;

2        B.    Declare, adjudge and decree the conduct of the Defendants as alleged

3   herein to be unlawful;

4        C.    Grant Plaintiff and all Class members awards of actual, compensatory,

5   punitive, exemplary damages, restitution and/or disgorgement in such amount to be

6   determined at trial and as provided by applicable law;

7        D.    Grant Plaintiff and all Class members a refund of all moneys acquired

8   by Defendants by means of the unlawful practices alleged in this Complaint, as well

9   as compensatory damages, including treble damages and attorneys' fees pursuant to

10  N.J. Rev. Stat. §§ 56:8-2.11, 56:8-2.12, 56:8-19, and any other applicable law.

11       E.    Grant Plaintiff and all Class members awards of restitution and

12  injunctive relief, including an injunction preventing Defendants from falsely

13  advertising and marketing their over-the-counter cough and cold medications as safe

14  and effective for children under the age of six pursuant to California Business and

15  Professions Code §§ 17200, *et seq.*, Florida Stat. Ann. §§ 501.204, *et seq.*, Illinois

16  Consumer Fraud & Deceptive Practices Act, Ill. Comp. Stat. 815 §§ 505/2, *et seq.*,

17  Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass.

18  Gen. Laws Ch. 93A, §§ 2, *et seq.*, Minnesota Prevention of Consumer Fraud Act,

19  Minn. Stat. §§ 325 F.69, *et seq.*; Missouri Merchandising Practices Act, Mo. Rev.

20  Stat. §§ 407.010, *et seq.*; New Jersey Unfair Trade Practices Act, N.J. Stat. §§ 56:8-1,

21  *et seq.*, North Dakota Consumer Fraud and Unlawful Credit Practices Act, N.D. Cent.

22  Code §§ 51-15-01, *et seq.*, Ohio Consumer Sales Practices Act, and Ohio Rev. Code

23  §§ 1345.01, *et seq.*, and Washington Consumer Protection Act, Wash. Rev. Code §§

24  19.86.010, *et seq.*

25       F.    Grant Plaintiff and the Class members exemplary and punitive damages

26  sufficient for the sake of example and by way of deterring Defendants and others

27  from further such actions.

28

---

18

Class Action Complaint; Demand for Jury Trial

1    G.    Grant Plaintiff and the Class members their costs of suit, including

2 reasonable attorneys' fees, and expenses as provided by law; and

3    H.    Grant Plaintiff and the Class members such other, further, and different

4 relief as the nature of the case may require or as may be determined to be just,

5 equitable, and proper by this Court.

6 Dated: March 11, 2008                    Respectfully submitted,

7                                          STRANGE & CARPENTER

8

9                                          Brian Strange, Esq. (Bar No. 103252)
                                           lacounsel@earthlink.net
10                                         Gretchen Carpenter, Esq. (Bar No. 180525)
                                           gcarpenter@strangeandcarpenter.com
11                                         David Swift, Esq. (Bar No. 235033)
                                           dswift@strangeandcarpenter.com
12                                         STRANGE & CARPENTER
                                           12100 Wilshire Blvd., 19th Floor
13                                         Los Angeles, CA  90025
                                           Telephone:  (310) 207-5055
14                                         Fax:  (310) 826-3210

15                                         Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint; Demand for Jury Trial

1

## DEMAND FOR JURY TRIAL

2     Plaintiff demands a jury trial on all issues so triable.

3  Dated: March 11, 2008                Respectfully submitted,

4                                        STRANGE & CARPENTER

5

6                                        Brian Strange, Esq. (Bar No. 103252)
                                         lacounsel@earthlink.net
7                                        Gretchen Carpenter, Esq. (Bar No. 180525)
                                         gcarpenter@strangeandcarpenter.com
8                                        David Swift, Esq. (Bar No. 235033)
                                         dswift@strangeandcarpenter.com
9                                        STRANGE & CARPENTER
                                         12100 Wilshire Blvd., 19th Floor
10                                       Los Angeles, CA  90025
                                         Telephone:  (310) 207-5055
11                                       Fax:  (310) 826-3210

12                                       Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint; Demand for Jury Trial